# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. LENTZ, and DEBRA L. BATY, | ) |
| Plaintiffs, | ) |
| vs. | ) No. 04-0795-CV-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 32), plaintiff's Motions to Supplement Expert Disclosure (Doc. # 37) and defendant's Motion in Limine (Doc. # 52).

### I. BACKGROUND

The plaintiffs are the surviving children of William Eugene Lentz. On August 1, 2002, Mr. Lentz committed suicide in his home by shooting himself. Plaintiffs filed the current wrongful death action against the United States under the Federal Tort Claims Act, alleging that the United States, through health care providers employed by the Department of Veterans Affairs ("VA") committed medical malpractice with regard to the treatment of Mr. Lentz. Plaintiffs allege that their father committed suicide after a nurse at the VA allegedly told him that he could "possibly" have lung cancer.

Defendant argues that the plaintiffs cannot establish a submissible case of medical malpractice because their expert witness, Dr. William S. Logan, M.D. did not provide an opinion that Mr. Lentz was made "insane" by some action or inaction on the part of the VA and that Mr. Lentz was so "insane" at the time of his suicide. In his

deposition Dr. Logan testified to two opinions:

(1) nurses employed at the VA breached the applicable standard of care when they told Mr. Lentz on July 31, 2002 that he needed to come into the local VA hospital for additional testing because there was a possibility that he might have lung cancer; and

(2) a psychiatrist employed by the VA breached the applicable standard of care in assessing Mr. Lentz' suicide risk on the telephone on July 31, 2002.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

The Government argues that summary judgment should be granted because Dr. Logan's opinions do not establish proximate cause. Plaintiffs argue in response that Dr. Logan's original report and testimony satisfy the insanity element. Dr. Logan testified in his deposition that the VA should not have referenced cancer over the telephone to a paranoid schizophrenic patient. He also testified that Mr. Lentz' was "under considerable emotional duress" based on his statements to the nurse that he might as well take a bottle of sleeping pills and "get it over with" and that the VA was just using him as a guinea pig. Plaintiffs state that these statements show that the decedent did not understand what he was doing and acted on an insane impulse. Additionally, plaintiffs have filed a motion for leave to supplement Dr. Logan's expert disclosure. In his supplemental report he states:

> Schizophrenics are prone to rapid deterioration under stress during which time their thinking becomes irrational. On learning he could have lung cancer it is my opinion that Mr. Lentz decompensated and as a direct result of schizophrenia, a mental disease, did not know or appreciate the nature, quality, or wrongfulness of his conduct; and as a result of his mental disease, schizophrenia, was incapable of conforming his conduct to the requirement of law. It is my opinion, with a reasonable degree of medical certainty, was insane as defined by Missouri law at the time he committed suicide. It is my further opinion within a reasonable degree of medical certainty was made insane by what he was told about his medical condition by a staff member at the Kansas City Veterans Administration Hospital.

(Dr. William Logan's Supplemental Affidavit, ¶¶ 7-10). Plaintiffs state that Dr. Logan's supplemental affidavit does not add any new opinions, but rather clarifies his previous opinions.

The Government argues that Dr. Logan's supplemental affidavit should be stricken, because no where in his deposition testimony did he mention or express an opinion regarding Mr. Lentz' sanity. The Government argues that in his supplemental

affidavit, Dr. Logan is contradicting his previous deposition testimony and is adding an entirely new set of opinions. The Government admits that if the Court allows the supplemental affidavit, then the Motion for Summary Judgment is moot.

After reviewing Dr. Logan's deposition testimony, his original affidavit and his supplemental affidavit, the Court does not find that the supplemental affidavit to be contradictory. Rather, the affidavit clarifies his previous opinions. Therefore, the Court will allow plaintiffs to file Dr. Logan's supplemental affidavit. Accordingly, as the Government noted, because the Court allowed plaintiffs to supplement Dr. Logan's affidavit, the motion for summary judgment is now moot. Therefore, the Court hereby **DENIES** the Government's Motion for Summary Judgment (Doc. # 32).

**C. Motions in Limine**

1. Defendant's Motion to Exclude Any Argument or Documentary or Testimonial Evidence Regarding Any Hearsay Conversations Between Debra Baty and the Decedent Regarding Conversations Between the Decedent and the VA.

Defendant states that the decedent called his daughter, Debra Baty on the telephone and told her that he had talked with a nurse at the VA and that they wanted him to come in for x-rays because they thought he had lung cancer. Defendant states that this conversation between the decedent and Ms. Baty recounting the decedent's earlier conversation with a VA nurse is inadmissible hearsay because it is an out-of-court statement being offered for the truth of the matter asserted.

Plaintiffs respond and assert that the statement fits into several exceptions to the hearsay rule: present sense impression, excited utterance, statement of then existing mental, emotional, or physical condition and the residual exception.

The Court has reviewed all the possible exceptions and does not find that the statement fits into any of these exceptions. Therefore, the Court determines that the

4

statement is inadmissible hearsay. Accordingly, defendant's Motion in Limine is hereby **GRANTED**.

2. Defendant's Motion to Exclude Any Documentary or Testimonial Evidence Regarding Any Claims or Theories of Liability That Were Not Raised and Exhausted By the Plaintiffs Administratively.

Plaintiffs did not respond to this motion, therefore, the Court hereby **GRANTS** defendant's Motion in Limine on this issue.

3. Defendant's Motion to Exclude Any Documentary or Testimonial/Opinion Evidence That Was Not Disclosed in Plaintiff's Expert Report Under Fed.R.Civ.P. 26(a)(2)(B).

Defendant moves to limit plaintiffs to only those reports expressed by Dr. Logan in his original report and in his supplemental report if the Court rules that such supplementation is permissible. Plaintiffs respond that this issue has been thoroughly briefed and they incorporate by reference their previous argument concerning their supplemental disclosure. As noted above, the Court has decided to allow plaintiffs to supplement Dr. Logan's expert report. However, plaintiff's will be limited to only those opinions expressed in his original and supplemental report. Accordingly, defendant's Motion in Limine on this issue is hereby **GRANTED**.

Defendant's Motion in Limine (Doc. # 52) is hereby **GRANTED**.

Date: December 20, 2005        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               United States District Judge