# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. LENTZ, and DEBRA L. BATY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 04-0795-CV-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Judgment Based on Partial Findings (Doc. # 60).

### I. BACKGROUND

The plaintiffs are the surviving children of William Eugene Lentz. On August 1, 2003, Mr. Lentz committed suicide in his home by shooting himself. Plaintiffs filed the current wrongful death action against the United States under the Federal Tort Claims Act, alleging that the United States, through health care providers employed by the Department of Veterans Affairs ("VA") committed medical malpractice with regard to the treatment of Mr. Lentz. Plaintiffs allege that their father committed suicide after a nurse at the VA allegedly told him that he could "possibly" have lung cancer. The question of whether the plaintiffs have a submissible case turns on the admissibility of testimony from plaintiff Debra Baty regarding the substance of a conversation she had with her father on July 31, 2003, wherein he allegedly told her that a nurse from the VA told him he might have lung cancer. In ruling on pretrial motions, the Court ruled in limine that the testimony was inadmissible hearsay. The United States now moves pursuant to

Fed.R.Civ.P. 52(c) for an entry of judgment.

## II. STANDARD

Fed.R.Civ.P. 52(c) provides:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against that party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

## III. DISCUSSION

The United States argues that judgment should be entered because: 1) the plaintiffs cannot make a submissible case of medical malpractice without Debra Baty's hearsay testimony; 2) the plaintiffs have been fully heard on this issue and 3) the Court should find that Debra Baty's testimony is inadmissible hearsay.

In order to make a submissible case of medical malpractice, Missouri law requires that the plaintiffs establish each of the elements of a medical malpractice claim: 1) applicable standard of care; 2) the United States' acts or omissions failed to meet the standard of care and 3) such failure cased the alleged injuries to plaintiff. Boehm v. Pernoud, 24 S.W.3d 759, 761 (Mo.App. 2000). Missouri law also requires that plaintiffs introduce expert testimony to establish the standard of care, the breach and causation. Plaintiffs expert witness is Dr. William S. Logan. Dr. Logan would testify that the United States breached the standard of care in its treatment of Mr. Lentz when the nurse told Mr. Lentz in a July 31, 2003 telephone conversation that he needed to come to the VA hospital for additional testing because there was a possibility that he "might have cancer." Dr. Logan's opinion, is based on the testimony of Debra Baty, regarding a

2

telephone conversation she had with her father on the afternoon of July 31, 2003 after he had spoken with the VA nurse earlier in the day. This Court previously ruled that this testimony was inadmissible hearsay. Plaintiffs acknowledge that if this evidence is excluded, they cannot establish a breach of the standard of care under Missouri medical malpractice law.

In light of the Court's ruling on this issue, the plaintiffs were concerned about going forward with a trial, if in fact they cannot make a submissible case. The parties therefore, entered into a Joint Stipulation Regarding Plaintiff's Evidence (Doc. # 59). Additionally, the parties note that because they have entered into a Joint Stipulation regarding the facts, the Court need not make the formal findings normally required under the rule. See Weissbaum v. Hannon, 439 F.Supp. 873, 876 n. 2 (N.D.Ill. 1977); United States v. Mueller, 930 F.2d 10, 11 (8th Cir. 1991).

The Government argues that based on the parties Joint Stipulation, the Court should find based on the evidence now fully presented that the testimony of Debra Baty is inadmissible hearsay under Fed.R.Evid. 802. The Government argues that the out-of-court statement is being "offered in evidence to prove the truth of the matter asserted" and is therefore inadmissible. Therefore, the Government requests that the Court enter judgment under Rule 52(c) because the plaintiffs cannot make out an essential element of their case.

Plaintiffs argue that Debra Baty's testimony is admissible under one or more of the following exceptions to the hearsay rule: present sense impression, excited utterance, statement of then existing mental, emotional or physical condition statement under belief of impending death and the residual exception.

The present sense impression exception listed in Rule 803 (1) applies to "[a]

3

statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Plaintiffs state that Mr. Lentz's conversation with the nurse occurred at approximately 10:00 a.m. and that his conversation with his daughter occurred at approximately 1:00 p.m. The Court finds that this exception does not apply because Mr. Lentz did not make the statement to his daughter while he was talking with the nurse or immediately thereafter. For the same reason, the Court also does not find that the excited utterance exception applies. This exception applies to "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." If Mr. Lentz waited over three hours to phone his daughter, he was not under stress or excitement caused by the nurses' phone call when he spoke with his daughter that afternoon. Rule 803(3) provides an exception for "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health) . . .." Plaintiffs argue that Mr. Lentz's statement that the nurse wanted him to come in for x-rays because they thought he had lung cancer and Ms. Baty's explanation that her father was "very upset" reflect Mr. Lentz's state of mind and intent, plan, motive and design in taking his own life. The Government argues that this statement is not being offered merely to show Mr. Lentz's state of mind, but rather is being offered to show the truth of the matter asserted - that the VA nurse told him that he might have lung cancer. The Court agrees and finds that the statement does not fit into this hearsay exception. Plaintiffs also argue that the exception in Rule 804(b)(2) applies - statement under belief of impending death. This exception provides, "[i]n a prosecution for homicide or in a civil action or proceeding, a statement made by a declarant while believing that the declarant's death was imminent,

4

concerning the cause or circumstances of what the declarant believed to be impending death." While this exception comes closer to allowing the evidence in, the Court finds that the facts do not support the use of this exception. In United States v. Two Shields, 435 F.Supp.2d 973 (D.N.D. 2006), the Court stated:

> The United States Supreme Court has held that "the sense of impending death is presumed to remove all temptation to falsehood, and to enforce as strict . . . adherence to the truth. . . ." Mattox v. United States, 156 U.S. 237, 244, 15 S.Ct. 337, 39 L.Ed. 409 (1895). In order for a statement to trigger the so-called "dying declaration" exception, the declarant must have spoken without hope of recovery and in the shadow of impending death. . . . Fear or even belief that illness will end in death will not avail of itself to make a dying declaration. There must be 'a settled hopeless expectation' that death is near at hand, and what is said must have been spoken in the hush of its impending presence. . . . What is decisive is the state of mind. Even so, the state of mind must be exhibited in the evidence, and not left to conjecture. The patient must have spoken with the consciousness of a swift and certain doom. Shepard v. United States, 290 U.S. 96, 99-100, 54 S.Ct. 22, 78 L.Ed. 196 (1933) (citations omitted).

Id. at 976.

In the instant case, Mr. Lentz did not take his life immediately after speaking with his daughter, but rather waited until the next day. As noted above, a fear or even a belief that an illness, such as cancer, will end in death is not enough to trigger the exception. Therefore, the Court finds that the statement that Mr. Lentz made to his daughter does not qualify as a dying declaration exception.

The last exception that plaintiffs argue applies is Rule 807 or the residual exception for statements not specifically covered under Rules 803 or 804, but having equivalent circumstantial guarantees of trustworthiness. A statement will not be excluded if: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence

which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. Plaintiffs argue that they have made reasonable efforts to procure evidence and testimony beyond Ms. Baty's testimony, but that her testimony is more probative on this point than any other evidence available to Plaintiffs. Plaintiffs also argue that the general purposes of the Rules and the interests of justice will be served by the admission of the statement into evidence. In United States v. Two Shields, 435 F.Supp.2d 973, the Court noted:

> [t]o be admissible under Rule 807, the proffered statement must have circumstantial guarantees of trustworthiness commensurate to the other hearsay exceptions. In assessing the qualitative degrees of trustworthiness of a particular statement, courts should inquire into the reliability of and necessity for the statement. . . . [A]s the trustworthiness of a statement increases, the justification for excluding it decreases.

Id. at 978-79 (internal citations and quotations omitted). In the instant case, Nurse Thomey's computerized notation of her conversation with Mr. Lentz makes no mention of cancer. Instead, her notes state only that she "[e]xplained why lab and chest x-ray is needed and the importance." Whether Nurse Thomey told the patient he might have cancer or whether Mr. Lentz came to this conclusion on his own is impossible to determine. However, the Court does not find that Ms. Baty's testimony regarding the telephone conversation with her father contains the guarantees of trustworthiness commensurate to the other hearsay exceptions. Mr. Lentz was sixty-nine years old at the time, it is possible that he did not hear what the nurse told him or he might have simply misunderstood. Therefore, the Court does not find that this testimony fits into the residual hearsay exception. Because the Court finds that Ms. Baty's testimony is hearsay which is not covered by any of the exceptions, the testimony is inadmissible.

Without this testimony, plaintiffs are unable to make a submissible case of medical malpractice. Accordingly, the Court hereby **GRANTS** the Government's Motion for Judgment Based on Partial Findings (Doc. # 60) and enters final judgment in favor of the United States.


Date:  September 28, 2006         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri             Fernando J. Gaitan, Jr.
                                  United States District Judge